UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

ADAM COTTELL,                                 :
             Petitioner,                 :
                             :       **ORDER ADOPTING REPORT**
v.                                            :       **AND RECOMMENDATION**
                             :
PATRICK REARDON,                              :       22 CV 1178 (VB)
             Respondent.                :
--------------------------------------------------------------x

Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated March 8, 2023 (Doc. #19), on Adam Cottell's pro se petition for a writ of habeas corpus.  Petitioner pleaded guilty in Dutchess County Court to aggravated sexual abuse in the first degree, criminal sexual act in the first degree, criminal mischief in the fourth degree, and endangering the welfare of a child.  Petitioner was sentenced to concurrent terms of ten years' imprisonment and ten years of post-release supervision on the aggravated sexual abuse and criminal sexual act charges, and one year's imprisonment for the criminal mischief and child endangerment charges.  The Appellate Division, Second Department, affirmed, and petitioner's request for leave to appeal to the New York Court of Appeals was denied.

Judge Davison recommended that the Court deny the petition in its entirety as time-barred.  Specifically, Judge Davison concluded the petition was untimely because the statute of limitations under 28 U.S.C. § 2244(d)(1) expired on February 10, 2021, and petitioner did not file the instant petition until January 24, 2022.  Further, Judge Davison found that petitioner was not entitled to equitable tolling of the limitations period, as petitioner did not act with reasonable diligence after learning the Dutchess County Court had denied his CPL § 440.10 motion and failed to show COVID-related shutdowns of the law library prevented him from submitting a timely petition.

Familiarity with the factual and procedural background of this case is presumed.

1

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail.  See Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review.  28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(3).  The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

On March 8, 2023, a copy of the R&R was mailed to petitioner at his address on the docket.  See R&R at 11.  But petitioner submitted no objections to Judge Davison's thorough and well-reasoned R&R.

The Court has carefully reviewed the R&R, the petition, and the underlying record, and finds no error, clear or otherwise.

## CONCLUSION

Accordingly, the R&R is adopted as the opinion of the Court, and the petition for a writ of habeas corpus is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated:  June 6, 2023
         White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

3